## Hallman v. Hallman

*Harold E. Martin,* for preliminary objections.
*Arnold, Bricker & Beyer,* contra.

SCHAEFFER, P. J., July 20, 1951.—On April 29, 1949, D. E. Hallman, defendant, executed a judgment note, under seal, to C. C. Hallman, plaintiff, for $4,700, which was entered in the Prothonotary's Office of Lancaster County on July 28, 1949, and docketed to Confessed Judgments of 1949, no. 1056. Execution was issued thereon on March 3, 1951, and the sheriff levied on defendant's personal property, consisting of 160 head of cattle at the Union Stock Yards in Lancaster County, Pa. On March 5, 1951, a property claim was filed by Clarence H. Ritter, trading and doing business

as Arenel Farms, for all of the cattle and the sheriff's rule for an interpleader was made absolute. An interpleader statement was filed by claimant, Clarence H. Ritter, to which C. C. Hallman, plaintiff in the execu· tion, filed preliminary objections alleging that plaintiff's statement of title is insufficient and that there is a failure to comply with the Pennsylvania Rules of Civil Procedure.

The interpleader Rules of Civil Procedure, Pa. R. C. P. 2301-2325, do not apply to a sheriff's interpleader relating to rival claimants to personal property levied on pursuant to an execution. The proceedings under the Sheriff's Interpleader Statute of June 22, 1931, P. L. 883, are not affected or governed by the Rules of Civil Procedure: Anderson's Pa. Civil Practice, vol. 4, p. 465; Goodrich-Amram Rules of Civil Practice, §2301-07. A sheriff's interpleader is regulated by the Act of 1931, supra.

In the interpleader statement filed March 22, 1951, it is averred that the title to the cattle levied upon was in Clarence H. Ritter, trading and doing business as Arenel Farms, and not in D. E. Hallman and that the source of Ritter's title to the cattle is as follows:

"Part of the said cattle were purchased by the plaintiff [Ritter] from United Live Stock Commission Company in Oklahoma City, Oklahoma, and the balance were purchased by the plaintiff from Rogers and Lane and cleared through the National Live Stock Commission Company, in Fort Worth, Texas. All of the said cattle were shipped to the defendant in the execution who was a broker in the Lancaster stock yards for purposes of sale only and all of the cattle were paid for by the plaintiff as the result of drafts issued on him. At no time did the said D. E. Hallman have any title or interest in the aforesaid cattle."

In The National Bank of Arendtsville v. Hartman

et al., 70 D. & C. 588, it was decided that in a sheriff's interpleader claimant is required to maintain his title to the goods claimed, and the sole issue to be tried is the question of title. In Atlantic Finance Corporation v. Kester et al., 156 Pa. Superior Ct. 128, it was held that the word "title" as used in the Sheriff's Interpleader Act is used in its usual and ordinary understanding as relating to the absolute ownership of the goods and chattels in controversy. At page 135 of the opinion it is said: " 'Owner' is, 'one who has the rightful claim or title to a thing.' "

The Act of 1931, supra, provides that in the issue to be framed under this act claimant shall be plaintiff and all other parties thereto shall be defendants. The issue shall consist of a statement of the source of claimant's title and an inventory of the goods claimed attached thereto.

In the instant case claimant alleges with respect to his source of title that he himself purchased the cattle in controversy from two parties, stating their names and addresses; how they were paid for by him; and that they were shipped to a cattle broker in Lancaster for sale. The court concludes that this sets forth sufficiently the source of title except as to the dates when these purchases were made by Clarence H. Ritter, trading and doing business as Arenel Farms. Accordingly, the court sustains the first preliminary objection as to the insufficiency of claimant's statement of title so far as it relates to the dates when the cattle were purchased.

As to the second preliminary objection it is not necessary to attach to the statement copies of any contract relating to the purchase of the cattle, Murray v. Loomis, 24 Luz. 414.

The third preliminary objection is not pressed and the fourth is without merit.

And now, July 20, 1951, the first preliminary objec-

tion is sustained and Clarence H. Ritter, trading and doing business as Arenel Farms, is allowed 20 days within which to file an amended interpleader statement in accordance with this opinion.